

**Entered on Docket**
**March 16, 2010**

_____
**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

1  JAMES H. WOODALL (NV Bar #3847)
2  WOODALL & WASSERMANN
   ~~10653 River Front Pkwy, Ste 290~~
3  South Jordan, Utah  84095
   Telephone (801) 254-9450
4  Facsimile (801) 254-9451
   email: jw@utahtrustee.com
5
6  Nevada Office
   8275 South Eastern Avenue
7  Las Vegas, Nevada  89123
   Attorneys for Secured Creditor
8
9              **UNITED STATES BANKRUPTCY COURT**
                        **DISTRICT OF NEVADA**
10

11  **In re:**                                 Case No.: BK-S-09-27726 LBR
                                                Chapter 13
12  **AVIS ELLIS,**                             **AGREED ORDER GRANTING SECURED**
                                                **CREDITOR ADEQUATE PROTECTION**
13        Debtor.
                                                Date:        March 10, 2010
14                                              Time:        1:30 PM
15

16

17        This Stipulation is entered into by and between HSBC Bank USA, N.A., as

18  Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered

19
20  holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE4, Asset Backed Pass-

21  Through Certificates, ("Secured Creditor") and the above-referenced debtor, by and through their

22  undersigned attorneys.  A copy of this stipulation and order has been submitted to the Chapter 13

23
24  Trustee as of the date shown on the attached mailing certificate.

25        The property which is the subject of this matter is commonly known as 1667

26  Marion Bennet Drive, Las Vegas, Nevada (the "Property").

27

28

THE PARTIES HEREBY STIPULATE AS FOLLOWS:

1.    Debtor shall make regular monthly payments to Secured Creditor pursuant to the terms of the Note (the "Note"), commencing April 1, 2010 and continuing until all outstanding amounts under the Note are paid in full.

2.    Debtor owes to Secured Creditor under the terms of a promissory note and trust deed post-petition arrearages as follows:

| | |
|---|---|
| 6 payments @ $1,358.09 (Oct '09 - Mar '10) | $8,148.54 |
| Fees and costs | $1,250.00 |
| Post-petition delinquency | $9,398.54 |

3.    In addition to regular monthly payments, debtor shall tender six (6) monthly payments to Secured Creditor of $1,566.42 each, commencing March 15, 2010.  In the event debtor has tendered additional payments which have not been properly credited, this amount will be adjusted accordingly.

4.    Debtor shall comply with the terms and conditions of the Chapter 13 Plan with respect to the payments to the Chapter 13 Trustee.

5.    For so long as the automatic stay applies to the subject property, if a Breach of any provision contained in paragraphs 1, 3, or 4 of this Order occurs, Secured Creditor may provide a written Notice of Breach to debtor at 1121 Sidehill Way, Las Vegas, NV  89110 and to the attorney for debtor indicating the nature of the default.

6.Once a Notice of Breach has been sent, in order to cure the Breach, debtor shall bring all payments under this Stipulation current and tender an additional $100 to Secured Creditor for each Notice of Breach.

7.The failure to cure the breach within fourteen (14) calendar days from the date the written Notice of Breach is placed in the mail and filed with the Court shall constitute a substantial breach of this agreed order.  The failure of the debtor to respond to the Notice of Breach within fourteen calendar days of the filing of the Notice of Breach shall constitute prima facie evidence of the substantial breach. Fourteen days following the filing of the Notice of Breach, Secured Creditor may file an ex parte Declaration of Non-Cure and a proposed Order terminating automatic stay and allowing Secured Creditor to proceed to enforce its security interest in the Property under the terms of the Note and Deed of Trust/Mortgage and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Property.  The Court may enter the proposed Order without further notice to the parties.

8.In the event that Secured Creditor is granted Relief from the Automatic Stay, the parties hereby stipulate that the 10-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9.Any proposed Order submitted to the Court following a breach of this Agreed Order shall require the Secured Creditor to file a proof of claim with the Clerk of the Bankruptcy Court within one-hundred eighty (180) days following the entry of the order and serve a copy on the Trustee setting forth any claim remaining following the disposition of the collateral or collection from the co-debtor of any part of the claim that is subject to such order

and not paid through the debtor(s)' Plan. If no amended proof of claim is filed as set forth herein, the Trustee shall reduce the secured portion of such claim to zero and cease any further distributions for payment of the secured claim to the creditor through the confirmed Plan.

/s/ James H. Woodall
Attorney for HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE4, Asset Backed Pass-Through Certificates

Ryan Alexander
Attorney for debtor

Kathleen A Leavitt
Chapter 13 Trustee

## CERTIFICATION OF COUNSEL

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

☐ The court has waived the requirement of approval under LR 9021.

√ This is a chapter 7 or 13 case, and a copy of this Agreed Order Granting Secured Creditor Adequate Protection has been e-mailed to all parties, counsel and any unrepresented parties, and each has approved or disapproved the order, or failed to respond, as indicated below:

Kathleen A. Leavitt: Trustee
    Approved: ____    Disapproved: ____    Failed to Respond: _X_

Ryan Alexander: Debtor's Attorney
    Approved: _X_    Disapproved: ____    Failed to Respond: ____

___ I certify that I have served a copy of this Stipulation and Order granting secured creditor adequate protection, and no parties appeared or filed written objections.